UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
BOSTON DIVISION

C.A.:

| | |
|---|---|
| TARYN CONLEY, <br>     **Plaintiff,** <br><br> **v.** <br><br> **BRIAN BARDEN, THE SUFFOLK COUNTY** <br> **SHERIFF'S DEPARTMENT, JOHN DOE 1,** <br> **JOHN DOE 2, YOLANDA SMITH, LISA ENOS,** <br> **AND STEVEN W. TOMPKINS,** <br>     **Defendants.** | **COMPLAINT AND** <br> **JURY DEMAND** |

## INTRODUCTION

1.     This is an action by Taryn Conley ("Plaintiff") against the Brian Barden ("Barden"), the Suffolk County Sheriff's Department, Steven W. Tompkins, Sheriff ("Tompkins"), Yolanda Smith ("Smith"), Lisa Enos ("Enos"), and John Doe 1 and John Doe 2.

2.     The action arises out of the physical assault, deprivation of constitutional rights, and resulting injuries Taryn Conley sustained as a result of the sexual assault upon her by Barden, and the negligence of the Suffolk County Sheriff's Department, Tompkins, Smith, Enos, John Doe 1 and John Doe 2.

3.     The action seeks damages under the common law theories of assault and battery (Count I), indecent assault and battery (Count II), kidnapping (Count III), negligent training and supervision (Count IV), negligent/intentional infliction of emotional distress (Count V), Federal Civil Rights Violations, 42 U.S.C., sec. 1983 (Count VI), Federal Civil Rights Violations, 42 U.S.C. sec. 1983 (PREA) (Count VII), and, negligence (Count VIII).

## PARTIES

4.     Plaintiff,Taryn Conley ("Plaintiff"), is an individual who resides in Suffolk County, Massachusetts.

5.     Defendant Suffolk County Sheriff's Department ("the SCSD") is a an independent state agency within the Commonwealth of Massachusetts, duly organized and existing under the laws of the Commonwealth of Massachusetts, with an office and principal place of business at 20 Bradston Street, Boston, Suffolk County, Massachusetts.

6.     Defendant Steven W. Tompkins ("Tompkins") is the Sheriff of the SCSD and resides within Suffolk County, Massachusetts.  Tompkins is a party of this lawsuit individually and in his official capacity as Sheriff of the SCSD.

7.     Defendant Yolanda Smith ("Smith") is the Superintendent of the Suffolk County House of Correction and PREA coordinator of the SCSD and resides within the Commonwealth of Massachusetts.  Smith is a party of this lawsuit individually and in her official capacity as Superintendent and PREA coordinator of the SCSD.

8.     Lisa Enos ("Enos") is the PREA compliance manager of the Suffolk County House of Correction and resides within the Commonwealth of Massachusetts.  Enos is a party of this lawsuit individually and in her official capacity as PREA compliance manager.

9.     Defendant Brian Barden ("Barden") is an individualy residing within the Commonwealth of Massachusetts.  Barden is a party to this lawsuit individually and in his official capacity as an officer of the SCSD.

10.    Defendant John Doe 1 ("Doe 1") is an individual residing within the Commonwealth of Massachusetts whose identity is not yet known, but was employed at all times relevant at the SCSD and is a party to this lawsuit inidividually and in his/her capacity as an officer of the SCSD.

11.    Defendant John Doe ("Doe 2") is an individual residing within the Commonwealth of Massachusetts whose identity is not yet known, but was employed at all times relevant at the SCSD and is a party to this lawsuit inidividually and in his/her capacity as an officer of the SCSD.

12.    Plaintiff will amend this Complaint to formally name all Doe defendants once their identities are revealed to the Plaintiff during discovery.  All Doe defendants are sued in their office and individual capacities.  All Doe defendants have acted under color of state law at all times relevant to this Complaint.

## JURISDICTION

13.     Jurisdiction exists under 28 U.S.C. sec. 1331 because this action arises under the laws of the United States. This Court has jurisdiction over the Plaintiff's claims under 28 U.S.C. sec. 1343 because Plaintiff has brought this action to seek redress for the deprivation of rights secured by the United States Constitution.

## **FACTUAL ALLEGATIONS**

14.     In or about January, 2019, the Plaintiff was an inmate and or pre-trial detainee at the SCSD facilty at 20 Bradston Street, Boston, MA, known as the South Bay House of Correction ("South Bay").

15.     During that time, it was the responsibilty of the SCSD, Tompkins, Smith, Enos, Barden, John Doe 1, John Doe 2, and all corrections officers and staff at the SCSD to maintain safe and secure custody and control of inmates and pre-trial detainees, including the Plaintiff, at South Bay.

16.     At all times relevant, Smith was the Superintendent of South Bay and PREA coordinator of the SCSD. In these capacities, Smith had a duty to ensure PREA standards were fully adhered to at South Bay and to ensure the Plaintiff as not subjected to sexual assaults by SCSD employees.

17.     At all times relevant, Enos was the PREA compliance manager of South Bay for the SCSD. In this capacity, Enos had a duty to ensure PREA standards were fully adhered to at South Bay and to ensure the Plaintiff as not subjected to sexual assaults by SCSD employees.

18.     South Bay was designed to accommodate 900 inmates and or pre-trial detainees, but has housed close to 2,000 inmates and or pre-trial detainees at times.

19.    In or about January, 2019, Barden was employed as a Sergeant and Corrections Officer for the SCSD at South Bay.

20.    During the period covering 2015, the SCSD had no less than 17 allegations of violations of the Prison Rape Elimination Act ("PREA") involving members of the SCSD.

21.    During the period covering 2016, the SCSD had no less than 20 allegations of violations of the Prison Rape Elimination Act ("PREA") involving members of the SCSD.

22.    During the period covering 2017, the SCSD had no less than 14 allegations of violations of the Prison Rape Elimination Act ("PREA") involving members of the SCSD.

23.    During the period covering 2018, the SCSD had no less than 12 allegations of violations of the Prison Rape Elimination Act ("PREA") involving members of the SCSD.

24.    During the period covering December 8, 2017 to December 7, 2018, the SCSD had at least sixteen (16) allegations of staff sexual misconduct.

25.    On or about Augsut 23, 2016, Marlon Juba ("Juba") was an employee of the SCSD. Juba was indicted on August 23, 2016 in 1684 CR 00632 for (i) sexual misconduct with an inmate for an offense occuring on or about February 22, 2016 through February 23, 2016, and (ii) sexual misconduct with an inmate for an offense occuring on May 10, 2016. Juba plead guilty to each offense on May 14, 2018.

26.    Prior to the investigation into the allegations against Juba, the SCSD, Tompkins, Enos and Smith knew, or should have known, that regular and real-time monitoring of

surveillance cameras was essential to maintain safe and secure custody and control of inmates and pre-trial detainees, including the Plaintiff, at South Bay.

27.     The investigation into Juba's conduct did heighten, or should have heightened, the knowledge the SCSD, Tompkins, Enos and Smith knew, that regular and real-time monitoring of surveillance cameras was essential to maintain safe and secure custody and control of inmates and pre-trial detainees, including the Plaintiff, at South Bay.

28.     Given Juba's conduct, and the prior allegations of violations of PREA at the SCSD, it was reasonably foreseeable to the Defendant's that Barden would engage in the conduct against the Plaintiff for which he is alleged to have engaged.

29.     Prior to the instant allegations involving the Plaintiff, Defendant Barden was the subject to at least five (5) prior complaints from detainees of the SCSD.

30.     On or about January 8, 2019, Barden ordered the Plaintiff out of her cell, during a lockdown, and into a "side room" at South Bay.  The removal of the Plaintiff from her cell was monitored by surveillance camera.  The removal of the Plaintiff from her cell during lockdown was contrary to SCSD policies, procedures and protocols.

31      Once in the "side room", Barden ordered the Plaintiff to perform a sexual act on him.  The Plaintiff refused and went to leave the "side room" and return to her cell.

32.     At that time, Barden then pulled down the Plaintiff's pants and exposed her buttocks.  This was a sexual assault.  Some of Barden's actions were captured on video surveillance.

33.     Subsequent to that incident, Barden placed the Plaintiff in solitary confinement for 15 days.  During that time, Barden was assigned as the Tower Sergeant for floors 6-34.  In that capacity, Barden would go by the Plaintiff's cell on a daily basis and shine his

flashlight up and down the Plaintiff's body.  On one occasion, Barden made an unwelcome sexual comment to the Plaintiff.

35.     On or about February 6, 2019, the Plaintiff was back in her normal cell.  Barden came by to her cell, pulled the Plaintiff out of her cell, and forcefully took the Plaintiff to the "side room".  Barden then ordered the Plaintiff to sit in a chair.  While the Plaintiff was seated in the chair, Barden pulled her head toward his crotch and made the Plaintiff touch his penis.  This was a sexual assault.  During this incident, the Plaintiff tried to leave and Barden grabbed her arm, pulled her in, and stuck his tongue in the Plaintiff's mouth.  Barden also made comments to the Plaintiff of an unwanted and sexual nature at this time.

36.     The removal of the Plaintiff from her cell on February 6, 2019 was monitored by surveillance camera.  The video surveillance from this incident shows Barden escorting the Plaintiff from her unit, taking her to the area of the "side room", entering the "side room" with the Plaintiff, and the Plaintiff frantically leaving the "side room".

37.     Barden forced the Plaintiff into the "side room" on a number of other occasions.  Barden repeatedly made unwelcome comments to the Plaintiff of a sexual nature and had unwanted, unwelcome, and non-consensual inappropriate physical contact with the Plaintiff.

38.     At all times relevant, the SCSD had surveillance cameras that (i) monitored the areas in which the Plaintiff was housed, (ii) monitored the areas from which Barden accessed the Plaintiff, (iii) monitored the areas which Barden took the Plaintiff to, and (iv) monitored access to and from the "side room".  The surveillance cameras are to be monitored at a central station within South Bay by SCSD employees.  John Doe 1 and

John Doe 2 were responsible for monitoring the surveillance cameras at the time of Barden's actions against the Plaintiff.

39.     At all times relevant, proper monitoring of the surveillance cameras would have contemporaneously observed Barden's conduct involving the Plaintiff and Barden's interactions with the Plaintiff.  Proper monitoring of the surveillance cameras and the areas in which the Plaintiff was housed would have prevented the acts Barden committed on the Plaintiff from occuring.  The surveillance monitoring cameras were in existence, in part, because of the very fact that illegal contact between SCSD employees and detainees of the South Bay facility and Suffolk County House of Corrections was reasonably foreseeable.

40.     The SCSD, Tompkins, Enos, Smith, Doe 1, and Doe 2 had a duty to properly monitor the surveillance cameras to ensure the SCSD fulfilled its duty of maintaining safe and secure custody and control of inmates and pre-trial detainees, including the Plaintiff, at South Bay.  This duty was particularly heightened due to the number of prior PREA complaints involving employees of the SCSC and detainees, as well as the number of prior complaints against Defendant Barden.

41.     The SCSD, Tompkins, Smith, Enos, Doe 1, and Doe 2 had a duty to properly supervise and monitor Barden in the performance of his duties for the SCSD.

42.     Defendants SCSD, Smith, Enos and Tompkins negligently trained and or supervised Barden in the performance of his duties for the SCSD.  Given Defendant Barden's history of complaints at the SCSD, as well as the history of PREA complaints against members of the SCSD, the SCSD knew or should have known Defendant Barden should have been monitored at all times while interacting with female detainees and or in

areas occupied by female detainees.  Moreover, given Barden's history, his conduct against the Plaintiff was reasonably foreseeable.

43.     The Plaintiff suffered physical and emotional harm as a result of the actions of Defendants SCSD, Smith, Enos, Doe 1, Doe 2, Tompkins and Barden.

44.     The conduct of Defendants SCSD Smith, Enos, Doe 1, Doe 2, Tompkins and Barden was shocking to the conscience.

45.     The Plaintiff has complied with all jurisdictional requisited to file the instant claim.

## LEGAL CLAIMS

### COUNT I – ASSAULT AND BATTERY
### (TARYN CONLEY V. BRIAN BARDEN)

46.     Plaintiff hereby realleges and incorporates by reference the averments of paragraphs 1-45 above.

47.     The actions Barden committed upon the Plaintiff constituted an assault and battery.  Barden's actions included: (i) non-consensual harmful and or offensive touchings, and, (ii) acts which reasonably placed the Plaintiff in imminent apprehension or fear of either harmful or offensive contact.

48.     As a direct and foreseeable consequence thereof, Plaintiff has suffered physical and mental and emotional distress.

WHEREFORE, Plaintiff seeks judgment against Barden, with compensatory and punitive damages, as well as reasonable attorneys' fees, interest and costs.

### COUNT II – INDECENT ASSAULT AND BATTERY
### (TARYN CONLEY V. BRIAN BARDEN)

49.     Plaintiff hereby realleges and incorporates by reference the averments of paragraphs 1-48 above.

50.     The actions Barden committed upon the Plaintiff constituted an indecent assault and battery.  Barden's actions included: (i) non-consensual harmful and or offensive touchings,

and, (ii) acts which reasonably placed the Plaintiff in imminent apprehension or fear of either harmful or offensive contact.

51.     As a direct and foreseeable consequence thereof, Plaintiff has suffered physical and mental and emotional distress.

WHEREFORE, Plaintiff seeks judgment against Barden, with compensatory and punitive damages, as well as reasonable attorneys' fees, interest and costs.

## COUNT III – KIDNAPPING
### (TARYN CONLEY V. BRIAN BARDEN)

52.     Plaintiff hereby realleges and incorporates by reference the averments of paragraphs 1-51 above.

53.     The actions Barden committed upon the Plaintiff constituted kidnapping. Barden's actions included: (i) forcibly seizing and confining the Plaintiff, (ii) without lawful authroity, and (iii) while having the intent to cause the Plaintiff to be secretly confined against her will.

54.     As a direct and foreseeable consequence thereof, Plaintiff has suffered physical and mental and emotional distress.

WHEREFORE, Plaintiff seeks judgment against Barden, with compensatory and punitive damages, as well as reasonable attorneys' fees, interest and costs.

## COUNT IV – NEGLIGENT TRAINING/SUPERVISION
### (TARYN CONLEY V. THE SUFFOLK COUNTY SHERIFF'S DEPARTMENT, YOLANDA SMITH, LISA ENOS, AND STEVEN W. TOMPKINS)

55.     Plaintiff hereby realleges and incorporates by reference the averments of paragraphs 1-54 above.

56.     The SCSD, Smith, Enos and Tompkins negligently trained and or supervised Barden in the performance of his duties.

57.     This included, but is not limited, to (i) failing to restrict Barden in his interaction with female detainees, (ii) failure to monitor Barden in his interaction with female detainees, (iii) failure to restrict Barden from interaction with female detainees, (iv) failing to monitor the surveillance systems covvering Barden's interactions with the Plaintiff, and (v) failing to ensure

Doe 1 and Doe 2 properly monitored the surveillance monitors at South Bay to prevent Barden's actions against the Plaintiff.

58.    As a direct and foreseeable consequence thereof, Plaintiff has suffered economic loss, physical injury, and mental and emotional distress.

WHEREFORE, Plaintiff seeks judgment against the Defendants, with compensatory and punitive damages, as well as reasonable attorneys' fees, interest and costs.

## COUNT V – NEGLIGENT/INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (TARYN CONLEY V. BRIAN BARDEN, YOLANDA SMITH, LISA ENOS, DOE 1, DOES 2, THE SUFFOLK COUNTY SHERIFF'S DEPARTMENT, AND STEVEN W. TOMPKINS)

59.    Plaintiff hereby realleges and incorporates by reference the averments of paragraphs 1-58 above.

60.    The Defendants knew or should have known that their conduct was likely to result in emotional distress.

61.    The Defendants' conduct was extreme and outrageous and schocking to the conscience.

62.    The Defendants' conduct caused Plaintiff incur sexual assaults at the hands of Barden and to suffer emotional distress of the nature and severity that no reasonable person could be expected to endure.

63.    As a direct and foreseeable consequence thereof, Plaintiff has suffered economic loss, physical injury, and mental and emotional distress.

WHEREFORE, Plaintiff seeks judgment against the Defendants, with compensatory and punitive damages, as well as reasonable attorneys' fees, interest and costs.

## COUNT VI – FEDERAL CIVIL RIGHTS VIOLATION – 42 U.S.C. SEC. 1983 (TARYN CONLEY V. BRIAN BARDEN, YOLANDA SMITH, LISA ENOS, DOE 1, DOE 2, THE SUFFOLK COUNTY SHERIFF'S DEPARTMENT, AND STEVEN W. TOMPKINS)

64.    Plaintiff hereby realleges and incorporates by reference the averments of paragraphs 1-63 above.

65.    Defendants Barden, Smith, Enos, Doe 1, Doe 2, the SCSD and Tompkins were

acting under color of law at all times relevant during Barden's interaction with the Plaintiff and his actions against the Plaintiff.

66.    While under the care and custody of the SCSD, the Plaintiff was entitled to be held in safe and humane conditions of confinement. Plaintiff was entitled to be free from unwanted and unwarranted sexual touching and abuse. Plaintiff was entitled to her own personal bodily integrity pursuant to the parameters of the Eighth and Fourteenth Amendment to the United States Constitution. Plaintiff was also enttled to be safe and secure from undue and excessive force while in custody.

67.    The acts and omissions of the Defendants violated Plaintiff's protected rights and were an excessive intrusion onto her person without just cause and amounted to deliberate indifference to Plaintiff's protected rights and her own personal safety, and violated the Plaintiff rights under the Eighth and Fourteenth Amendment to the United States Constitution. Defendants violated the requirements of the Eighth and Fourteenth Amendment rights held by the Plaintiff through the use of excessive force, intentional and abusive sexual assault, and subjecting her to unsafe and inhumane conditions of confinement.

68.    The conduct of the Defendants with respect to the Plaintiff constituted excessive force and or conduct that was extreme, outrageous, and shocking to the conscience.

69.    The actions of Defendant Barden were done in accordance with a custom or policy of the SCSD.

70.    As a direct and foreseeable consequence thereof, Plaintiff has suffered economic loss, physical injury, and mental and emotional distress.

WHEREFORE, Plaintiff seeks judgment against the Defendants, with compensatory and punitive damages, as well as reasonable attorneys' fees, interest and costs.

## COUNT VII – FEDERAL CIVIL RIGHTS VIOLATION – 42 U.S.C. SEC. 1983 & 1985 (TARYN CONLEY V. BRIAN BARDEN, YOLANDA SMITH, LISA ENOS, DOE 1, DOE 2, THE SUFFOLK COUNTY SHERIFF'S DEPARTMENT, AND STEVEN W. TOMPKINS)

71.    Plaintiff hereby realleges and incorporates by reference the averments of paragraphs 1-70 above.

72.    Plaintiff was entitled to the full protection of laws, including the Prison Rape Elimination Act("PREA"). PREA required the Defendants to comply with laws in providing

protection from assault, including rape, against the Plaintiff, and to comply with all aspects of intervening and providing a safe environment to the Plaintiff.

73.    Defendants violated the constitutional and statutory rights held by the Plaintiff in at least the following ways:

(i)    failing to restrict Barden in his interaction with the Plaintiff,

(ii)    failing to prevent Barden from improper interaction with the Plaintiff,

(iii)    failing to monitor Barden in his interaction with the Plaintiff,

(iv)    failing to monitor the surveillance systems covering Barden's interactions with the Plaintiff, and

(v)    failing to ensure Doe 1 and Doe 2 properly monitored the surveillance monitors at South Bay to prevent Barden's actions against the Plaintiff.

74.    The acts and omissions of the Defendants violated Plaintiff's protected rights and were an excessive intrusion onto her person without just cause and amounted to deliberate indifference to Plaintiff's protected rights and her own personal safety, and violated the Plaintiff rights under the Eighth and Fourteenth Amendment to the United States Constitution. Defendants violated the requirements of the Eighth and Fourteenth Amendment rights held by the Plaintiff through the use of excessive force, intentional and abusive sexual assault, and subjecting her to unsafe and inhumane conditions of confinement.

75.    The conduct of the Defendants with respect to the Plaintiff constituted excessive force and or conduct that was extreme, outrageous, and shocking to the conscience.

76.    The actions of the Defendants violated Plaintiff's rights under the Prison Rape Elimination Act.

77.    The actions of Defendant Barden was done in accordance with a custom or policy of the SCSD.

78.    As a direct and foreseeable consequence thereof, Plaintiff has suffered economic loss, physical injury, and mental and emotional distress.

WHEREFORE, Plaintiff seeks judgment against the Defendants, with compensatory and punitive damages, as well as reasonable attorneys' fees, interest and costs.

## COUNT VIII – NEGLIGENCE

### (TARYN CONLEY V. BRIAN BARDEN, YOLANDA SMITH, LISA ENOS, DOE 1, DOE 2, THE SUFFOLK COUNTY SHERIFF'S DEPARTMENT, AND STEVEN W. TOMPKINS)

79.     Plaintiff hereby realleges and incorporates by reference the averments of paragraphs 1-78 above.

80.     The SCSD has policies in procedures in place that govern the conduct and behavior expected by corrections staff toward detainees, including the Plaintiff, as well as the responsibilies of management personnel, including Tompkins, Smith and Enos.

81.     The policies, procedures and expectations include: (i) zero tolerance for sexual contact between SCSD employees and detainees, (ii) properly training staff to recognize sexual misconduct between staff and detainees, and (iii) properly monitoring for the detection of sexual misconduct between staff and detainees.

82.     The failure of the individual defendants to comply with the existing standards of conduct, particularly where Barden's conduct was reasonably foreseeable, was the direct cause of the sexual assault suffered by the Plaintiff.  The failure to adhere to known and expected standards was a deviation from the existing standard of care within the SCSD, and it was foreseeable that sexual assault against the Plaintiff would occur.

83.      As a direct and foreseeable consequence thereof, Plaintiff has suffered economic loss, physical injury, and mental and emotional distress.

WHEREFORE, Plaintiff seeks judgment against the Defendants, with compensatory and punitive damages, as well as reasonable attorneys' fees, interest and costs.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL COUNTS SO TRIABLE.**

TARYN CONLEY, Plaintiff
By her attorneys,


James M. Caramanica, BBO #565882
Law Office of James M. Caramanica
120 North Main St., Suite 306
Attleboro, MA 02703
(508) 222-0096
Email: caramanicalaw@gmail.com


Edward J. Molari, Esq., BBO 675771
Law Office of Edward J. Molari
185 Devonshire St., Suite 302
Boston, MA 02110
(617) 942-1532
Email: edward@molarilaw.com

Dated: December 11, 2020